**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| AMARILIS NAVARRO-VILLANUEVA a/k/a AMARILIS NAVARRO, personally, and on behalf of her son D.A.V.N., <br><br> **Plaintiffs,** <br><br> **v.** <br><br> COMMONWEALTH OF PUERTO RICO; DEPARTMENT OF EDUCATION OF THE COMMONWEALTH OF P.R., <br><br> **Defendants.** | Civil **No.** 21-1457 (FAB) |

**OPINION AND ORDER**

BESOSA, Senior District Judge.

Plaintiff Amarilis Navarro-Villanueva ("Navarro"), personally and on behalf of her minor son "D.A.V.N." (collectively, "plaintiffs"), commenced this action on September 21, 2021, pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. sections 1400 *et seq*. (Docket No. 1.) Defendants Department of Education of the Commonwealth of Puerto Rico ("DOE") and the Commonwealth of Puerto Rico (collectively, "defendants") move to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). (Docket No. 9.) For the reasons set forth below, the Court **DENIES** defendants' motion. (Docket No. 9.)

## I.   Background[1]

Navarro is the parent of D.A.V.N., who is duly registered as a student with disabilities with the Department of Education of the Commonwealth of Puerto Rico.  (Docket No. 1 at p. 2—3.)   On November 8, 2019, Navarro filed an administrative complaint pursuant to the IDEA to be reimbursed for the cost of sending her son to Saint Francis School, a private school, for the two prior years, 2017—2018 and 2018—2019, to have the DOE cover the cost of the 2019-2020 school year, and to require the DOE to prepare an Individualized Education Program ("IEP") for D.A.V.N.   (Docket No. 1 at p. 5.)  D.A.V.N. at that time was almost 11 years old and had an autism diagnosis.  Id.

Navarro alleged that the DOE initially prepared only a "unilateral" IEP with therapies for D.A.V.N. because he was in a private institution.  (Docket No. 1 at pp. 5-6.)  In its initial IEP, the DOE had not detailed the way in which D.A.V.N.'s disability affected his academic progress.  Id. at p. 6.  Navarro alleged that this failure continued for school years 2018-2019 and 2019-2020.  Id. at p. 7.  The plaintiffs stated that Saint Francis School had provided D.A.V.N. with an adequate education that responded to his particular needs.  Id.

---

[1] The Court construes the complaint in the light most favorable to the plaintiffs and accepts as true all factual allegations it contains.  Erickson v. Pardus, 551 U.S. 89, 94 (2007); Parker v. Hurley, 514 F.3d 87, 90 (1st Cir. 2008).

The administrative complaint proceeded to a hearing on February 5, 2020, in which plaintiffs allege that they presented undisputed evidence that D.A.V.N. had received an educational benefit at Saint Francis School for school years 2017-2018 and 2018-2019 through his placement in a small group with a teacher and an assistant, through working on developing his attention, and by working in groups to improve his social deficits. Id. at p. 8. For school year 2019-2020, Navarro presented documents with D.A.V.N.'s grades and presented undisputed testimony that as of the hearing date, his academic achievement was above average, even after being moved into a mainstream classroom for that school year. Id. at p. 9.

At the continuation of the hearing on June 23, 2020, Navarro submitted testimony as to the costs and fees for which she was seeking reimbursement. Id. at p. 9. A teacher from Saint Francis School testified to the benefits D.A.V.N. was receiving in the then current school year, 2019-2020. Id. at pp. 9-10. Following the hearing, the administrative law judge ordered Navarro to submit proposals for each school year that disclosed the educational costs and fees to be reimbursed by the DOE. Id. at p. 10.

The final resolution, issued by the administrative law judge on June 24, 2021, concluded that the DOE had not offered D.A.V.N. a free, appropriate, public education ("FAPE"), violating the

IDEA.  Id. at p. 12.  The final resolution, however, denied the reimbursement request, stating that there was insufficient evidence that Saint Francis School provided an educational benefit to D.A.V.N., based on the failure to submit the specific documents requested after the hearing.  Id.  The final resolution did not include a written order for an IEP team meeting or evaluations. Id. at p. 13.

Navarro filed suit in federal court on September 21, 2021, seeking judicial review of the final resolution.  Id. at p. 2. The complaint seeks reimbursement of educational costs for Saint Francis School for 2017—2018, 2018—2019, and 2019—2020, an order for an IEP team meeting to assess the needs of D.A.V.N. and a proper IEP, declaratory and injunctive relief, and attorney's fees for the administrative process and this litigation.  Id. at pp. 13—17.

Defendants move to dismiss the complaint pursuant to Rule 12(b)(6), arguing that it fails to state a claim because the plaintiffs have not specifically pled how the administrative decision aggrieved them, and that the complaint's allegations are inconsistent with the determinations in the final resolution of the administrative law judge.  (Docket No. 9 at p. 9.)  Defendants also argue that the complaint does not specify which year's IEP team meeting is being requested, that the one requested pursuant

to the administrative complaint has already been held, and that thus the claim is moot.  Id. at p. 11—12.  Defendants state that if plaintiffs are seeking an IEP team meeting for the 2021—2022 school year, that request has not been exhausted through the administrative process and thus the claim must be remanded to the administrative agency.  Id. at p. 13—14.  As to attorney's fees, defendants argue that plaintiffs were not the prevailing party in the administrative process and thus the claim for fees must be dismissed.  Id. at p. 14—15.

## II.  Legal Standards

### A.  Motion to Dismiss

Rule 12(b)(6) permits a defendant to move to dismiss an action for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  To survive the motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ocasio—Hernández v. Fortuño—Burset, 640 F.3d 1, 12 (1st Cir. 2011) (quoting Iqbal, 556 U.S. at 678).  "Plausible, of course, means something more

than merely possible, and gauging a pleaded situation's plausibility is a context-specific job that compels [a court] 'to draw on' [its] 'judicial experience and common sense.'" <u>Zenón v. Guzmán</u>, 924 F.3d 611, 616 (1st Cir. 2019) (quoting <u>Schatz v. Republican State Leadership Comm.</u>, 669 F.3d 50, 55 (1st Cir. 2012)).

**B.   The IDEA**

"Congress designed the IDEA as part of an effort to help states provide educational services to disabled children." <u>C.G. ex rel. A.S. v. Five Town Community Sch. Dist.</u>, 513 F.3d 279, 284 (1st Cir. 2008).  "The IDEA requires states, as a condition of accepting federal financial assistance, to ensure a 'free appropriate public education' [FAPE] to all children with disabilities." <u>Pihl v. Massachusetts Dept. of Educ.</u>, 9 F.3d 184, 187 (1st Cir. 1993) (quoting 20 U.S.C. §§ 1400(c), 1412(1)). "A FAPE encompasses special education and support services provided free of charge." <u>C.G. ex rel. A.S.</u>, 513 F.3d at 284 (citing 20 U.S.C. § 1401(9)).

"The *modus   operandi* of the Act is the . . . 'individualized educational program.'  The IEP is in brief a comprehensive statement of the educational needs of a handicapped child and the specially designed instruction and related services to be employed to meet those needs." <u>Sch. Comm. of Town of</u>

Burlington, Mass. v. Dept. of Educ. of Mass., 471 U.S. 359, 368
(1985) (citing 20 U.S.C. § 1401(19)).   Parents who wish to
challenge the actions of the school in the development or execution
of an IEP are entitled to "an impartial due process hearing" with
an administrative law judge.   Id. at 368-69.

        If either party is aggrieved by the administrative law
judge's decision, that party can bring a case in federal court for
judicial review.   20 U.S.C. § 1415(i)(2).   The reviewing court
"(i) shall receive the records of the administrative proceedings;
(ii) shall hear additional evidence at the request of a party; and
(iii) basing its decision on the preponderance of the evidence,
shall grant such relief as the court determines is appropriate."
Id. at § 1415(i)(2)(C).

## III. Discussion

### A.   Reimbursement

        Navarro's first cause of action is for reimbursement of
tuition expenses at Saint Francis School for school years 2017—
2018, 2018—2019, and 2019—2020.   (Docket No. 1 at p. 13—15.)   The
administrative law judge denied this request, finding that Navarro
did not present enough evidence to conclude that D.A.V.N. received
an educational benefit from the private school.   Id. at p. 12.

        The DOE argues that the plaintiffs have not stated a
claim for reimbursement because they have not specifically pled

how the administrative decision aggrieved them, and further, that the complaint's allegations are inconsistent with the determinations by the administrative law judge in the final resolution.  (Docket No. 9 at p. 9.)

        Retroactive reimbursement to parents for the cost of private school is "an available remedy in a proper case." Sch. Comm. of Town of Burlington, Mass., 471 U.S. at 370.  The granting of reimbursement is not a guarantee, however, and "parents who unilaterally change their child's placement during the pendency of review proceedings, without the consent of state or local school officials, do so at their own financial risk." Id. at 373—74. "They are entitled to reimbursement *only* if a federal court concludes both that the public placement violated IDEA and that the private school placement was proper under the Act." Florence County Sch. Dist. Four v. Carter By and Through Carter, 510 U.S. 7, 15 (1993) (emphasis in original).  "[A] private school placement is 'proper under the Act' if the education provided by the private school is 'reasonably calculated to enable the child to receive educational benefits.'" Id. at 11 (quoting Carter By and Through Carter v. Florence County Sch. Dist. Four, 950 F.2d 156, 163 (4th Cir. 1991)).  "The standard for judging whether a private school placement is proper is the same standard by which a public school placement is judged—whether the education provided by the school

is reasonably calculated to allow the child to receive educational benefit." González v. Puerto Rico Dept. of Educ., 969 F. Supp. 801, 813 (D.P.R. 1997) (Laffitte, J.) (citing Carter By and Through Carter, 950 F.2d at 163). "The education must be more than *de minimis*, but it need not maximize the child's potential." Id. (citing Lenn v. Portland School Committee, 998 F.2d 1083, 1086 (1st Cir. 1993) and Doe By and Through Doe v. Smith, 879 F.2d 1340, 1341 (6th Cir. 1989)).

Navarro alleges that the DOE did not prepare proper IEPs for D.A.V.N. because the school did not detail how his disability affected his academic progress, and he was thus "deprived of a special education as mandated by IDEA . . . ." (Docket No. 1 at p. 6.) The plaintiffs stated that Saint Francis School provided D.A.V.N. with an adequate education that responded to his particular needs. Id. at p. 7. Taking these allegations as true for the purposes of a motion to dismiss, this states a claim for reimbursement. See Florence County Sch. Dist. Four, 510 U.S. at 15; see also Ortiz ex rel. Ramírez v. Puerto Rico Dept. of Educ., 2011 WL 5117075, at *7-8 (D.P.R. Oct. 25, 2011) (Gelpí, J.) (denying motion to dismiss where allegations properly sought relief for "whether Plaintiff's out-of-pocket expenses should be reimbursed by the DOE.")

The defendants also argue that the plaintiffs have not stated a claim for reimbursement because they have not pled how they were aggrieved, but Navarro states explicitly that the administrative law judge "denie[d] the reimbursement requests." See Docket No. 1 at p. 12.  Plaintiffs suing in federal court for reimbursement who were denied at the administrative level are the "parties aggrieved by the findings and decisions of a state educational agency."  See Matthew J. v. Massachusetts Dept. of Educ., 989 F. Supp. 380, 389 (D. Mass. 1998).  A party aggrieved by the administrative law judge's decision may bring a case in federal court for judicial review, during which the court will receive the records of the administrative proceedings, hear additional evidence at the request of a party, and, basing its decision on the preponderance of the evidence, grant such relief as the court determines is appropriate.  See 20 U.S.C. § 1415(i)(2)(C).

The defendants also argue that the plaintiffs' allegations are contrary to what the administrative law judge found, namely that the plaintiffs had not provided sufficient evidence of the educational benefits at Saint Francis School. (Docket No. 9 at pp. 9—10.)  But this is not yet the stage for evaluating the evidence, which must be done on the full record with the opportunity for either party to supplement.  See 20 U.S.C.

§ 1415(i)(2)(C).  What matters at this stage is plausibility, see Iqbal, 556 U.S. at 678, and the plaintiffs have plausibly alleged that Saint Francis School benefited D.A.V.N. through small group placement, working on developing his attention, and working in groups to improve his social deficits.  See Docket No. 1 at p. 8; see Matthew J., 989 F. Supp. at 391 (private school was appropriate placement due to its student/teacher ratio, the structured and supportive environment, and the availability of 'appropriate peers').  Accordingly, the motion to dismiss the reimbursement count is **DENIED.**

### B.   IEP Team Meeting

The allegations in the complaint state that at the hearing on June 23, 2020, the administrative law judge ordered the coordination of an IEP team meeting to assess the needs of D.A.V.N., and the preparation of an IEP in compliance with the IDEA.  (Docket No. 1 at p. 11.)  Plaintiffs state they are aggrieved, however, because the administrative law judge did not issue any determination in the final resolution as to the request for an IEP team meeting.  Id. at p. 15.

The DOE says that the IEP team meeting was held and thus the claim is moot.  (Docket No. 9 at p. 12.)  The defendants also argue that if the plaintiffs are asking for an IEP team meeting for 2021—2022, that request has never gone through the

administrative process and thus plaintiffs have not exhausted their administrative remedies.  Id. at p. 13.  Plaintiffs' opposition to the motion to dismiss disputes that the meeting was ever held.  (Docket No. 12 at p. 22.)

An administrative law judge is obligated to issue a decision "on substantive grounds based on a determination of whether the child received a free appropriate public education" and has the power to "order[] a local educational agency to comply with procedural requirements under this section."  20 U.S.C. § 1415(f)(3)(E).  The final resolution does make a finding that the DOE did not develop an IEP for any of the years at issue and therefore did not provide a FAPE.[2]  (Docket No. 9—1 at pp. 22—23.) But the final resolution does not order any remedy for this failure.  Id. at p. 30.

At the motion to dismiss stage, the Court must accept as true the factual allegations set forth in the complaint, and thus cannot look at factual disputes such as whether or not the IEP

---

[2] The Court draws this fact from the translated final resolution, which defendants attached to their motion to dismiss.  See Beddall v. State St. Bank & Tr. Co., 137 F.3d 12, 17 (1st Cir. 1998) ("[w]hen . . . a complaint's factual allegations are expressly linked to — and admittedly dependent upon — a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6).)"  Although the plaintiffs oppose reference to the final resolution at this stage in the litigation, they do not dispute its authenticity and the allegations in the complaint are based on the findings within.  See Docket No. 12 at pp. 16—17.  Thus, for purposes of deciding the motion to dismiss, the Court finds that it is appropriate to look to this document.  See Beddall, 137 F.3d at 17.

team meeting has already occurred.  <u>See</u> <u>Ocasio—Hernández</u>, 640 F.3d
at 12 (explaining that in the Rule 12(b)(6) context, "[n]on-
conclusory factual allegations in the complaint must be treated as
true, even if seemingly incredible.").  Based on the allegations
of the plaintiffs, the request for an IEP team meeting went through
the administrative exhaustion process and no remedy was provided
by the administrative law judge in the final resolution.  <u>See</u>
Docket No. 1 at pp. 11—15.  Accordingly, the motion to dismiss the
IEP team meeting count is **DENIED**.

C.  **Attorney's Fees**

Plaintiffs' fourth cause of action is for attorney's
fees for the administrative process and this litigation, which is
provided to the "prevailing party" by statute.  <u>See</u> Docket No. 1
at p. 16 (citing 20 U.S.C. § 1415(i)(3)(B)).  Defendants argue
that plaintiffs are not the prevailing party because no decision
has been entered in their favor, and thus the claim must be
dismissed.  (Docket No. 9 at pp. 14—15.)  Plaintiffs respond that
the allegations in the complaint show they are likely to prevail
in their claims and thus the motion to dismiss should be denied.
(Docket No. 12 at p. 24.)

When the decision of the administrative law judge is
reviewed by the district court, the determination of who is the
prevailing party cannot be made until that review is complete.

See State of N.H. v. Adams, 159 F.3d 680, 684 (1st Cir. 1998) (despite student's victory at the hearing level, once district court vacated the hearing officer's decision, the state became the prevailing party), abrogated on other grounds by New England Regional Council of Carpenters v. Kinton, 284 F.3d 9, 30 (1st Cir. 2002). Therefore, the cause of action for attorney's fees cannot be dismissed, as it is not yet clear that plaintiffs are not the prevailing party. See State of N.H., 159 F.3d at 684. Accordingly, the motion to dismiss the count for attorney's fees is **DENIED**.

## IV. Conclusion

For the reasons set forth above, the Court **DENIES** defendants' motion to dismiss. (Docket No. 9.)

**IT IS SO ORDERED.**

San Juan, Puerto Rico, September 14, 2022.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
SENIOR UNITED STATES DISTRICT JUDGE